UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| CHRISTOPHER KAPS, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Cause No. 1:18-cv-1832 ) |
| TJ BRAY, AMY MARTINEZ, TIM LEATH, MIKE STEVENS CARRIER CORPORATION, and DOES ONE THROUGH FIVE Defendants. | ) ) ) **JURY TRIAL DEMAND** ) ) |

## COMPLAINT

NOW COMES Plaintiff, CHRISTOPHER KAPS, by counsel, upon information and belief, complains of Defendants TJ BRAY, AMY MARTINEZ, TIM LEATH, MIKE STEVENS, CARRIER CORPORATION AND DOES ONE THROUGH FIVE, acting in concert, jointly and severally, in this civil action for common law Slander *Per Se*, and Invasion of Privacy as follows:

## PARTIES

1. Plaintiff, Christopher Kaps (hereinafter "Plaintiff" or "Kaps") is a citizen of the State of New York.

2. Defendant, TJ BRAY ("BRAY") is a citizen of the State of Indiana.

3. Defendant AMY MARTINEZ ("MARTINEZ"), is a citizen of the State of Indiana.

4. Defendant TIM LEATH ("LEATH"), is a citizen of the State of Indiana.

5. Defendant MIKE STEVENS ("STEVENS"), is a citizen of the State of Indiana.

6. Defendant CARRIER CORPORATION, ("CARRIER") is a foreign for-profit corporation, authorized to conduct business within the State of Indiana,

7. DOES ONE THROUGH FIVE, upon information and belief are all citizens of the State of Indiana, are sued herein under fictitious names. Their true names and capacities are presently unknown to Plaintiff. When the true names and capacities are ascertained, Plaintiff will amend this Complaint by inserting such information. Plaintiff is informed and believes and thereon alleges that each of the fictitiously named defendants is responsible in some manner for the occurrences alleged herein and Plaintiff's damages were proximately caused by said Defendants.

8. Plaintiff is informed and believes and thereon alleges that at all times relevant, each Defendant, including the DOE Defendants, was the agent, servant, representative, and/or employee of each other Defendants, and that in doing the things hereinafter alleged, each Defendant was acting within the course and scope of his, her or its authority as such agent, servant, representative and/or employee, with the permission, knowledge, consent and ratification of each other Defendants.

## JURISDICTION AND VENUE

9. Plaintiff brings his complaint under federal diversity jurisdiction, 28 U.S.C. 1332, as the parties are completely diverse in citizenship, and the amount in controversy exceeds $75,000.

10. Venue is proper in this district under 28 U.S.C. §§ 1391(b) and 1391(c) as the events took place within the Southern District of Indiana.

## FACTUAL BACKGROUND

11. At all times pertinent hereto, Plaintiff was employed as a Plant Supervisor at Carrier Corporation, 7310 West Morris Street, Indianapolis, Indiana (hereinafter "Carrier").

12. Julie Martin ("Martin"), was an hourly-paid production employee at Carrier.

13. At all times pertinent hereto, Kaps was Martin's immediate supervisor.

14. At all times pertinent hereto, Kaps duly and faithfully performed his job with Carrier in a satisfactory manner.

15. Sometime between September of 2016 and February 2017 Kaps and Martin, had on several occasions, met socially after work, along with members of Martin's family and friends.

16. After meeting with Martin and company after work, Kaps had formed the belief that Martin was seeking a romantic relationship with him.

17. Sometime in or about February 2017, Kaps decided to end the social relationship with Martin.

18. Sometime in or about February 2017, Kaps declined three invitations from Martin to meet after work.

19. Sometime thereafter, in or about the end of February 2017, Kaps had cause to reprimand Martin for her failure to wear personal protective equipment while inside Carrier's plant.

20. Shortly after having her advances rebuffed and being reprimanded by Kaps, sometime in or about March of 2017, Martin had told Union Representative TJ Bray that Kaps had "Stalked" and "Harassed" her during off-duty hours.

21. Martin's statement that Kaps had stalked and harassed her was a fabrication (See Exhibit A).

22. On or about March 6, 2017, Bray repeated the statement that Kaps had stalked and harassed Martin after working hours to Carrier's Labor Relations Manager Amy Martinez.

3

23. Upon information and belief, sometime in or about March of 2017 Martinez repeated the statement that Kaps had stalked and harassed Martin to Kaps' immediate supervisors Cell Manager Tim Leath ("Leath") and Area Manager Mike Stevens ("Stevens") and/or Does 1 through 5.

24. On or about March 6, 2017, Leath repeated to Kaps the statement that Kaps had stalked and harassed Martin.

25. On or about March 14, 2017 Stevens repeated to Kaps the statement that Kaps had stalked and harassed Martin.

26. On or about March 14, 2017 Kaps was discharged from employment with Carrier on the grounds that Kaps violated Carrier's Ethics policy for stalking and harassing a female subordinate employee during non-working hours.

## COUNT ONE

### *Slander Per Se*

27. Paragraphs 1- 26 are incorporated herein as if fully pleaded at length.

28. The Defendants – all of the Defendants-together and each of them acting in concert, jointly, severally, and individually, have defamed the Plaintiff by knowingly, intentionally, willfully, or negligently published statements about the Plaintiff which they knew, or should have known to be false.

29. Defendants-together and each of them acting in concert, jointly, severally, and individually, made false statements that are Slander *Per Se,* accusing Plaintiff of the committing crimes of Stalking and Harassment.

30. The false and defamatory statements are injurious to the reputation of Kaps as it implicates KAPS in criminal conduct under IC § 35-45-10-1 (Stalking) [1] and IC § 35-45-10-1 (Harassment) [2].

31. Upon information and belief, Martin reported during an internal investigation conducted by Carrier that Kaps had *Stalked and Harassed* Martin during non-working hours.

32. Defendants, and each of them, repeated these falsehoods to third parties.

33. Martin knew, or should have known, that such false statements would likely result in material and substantial injury to Plaintiff's professional reputation in the community.

34. Defendants knew, or should have known, that such false statements would likely result in material and substantial injury to Plaintiff's employment with Carrier and professional reputation in the community.

35. Kaps has suffered damages proximately caused by Defendants' defamatory statements, including but not limited to loss of employment, loss of reputation, attorney fees and court costs, in an amount which is currently unknown, but in excess of $75,000.00. By reason of Defendants' defamatory statements, Kaps is entitled to both compensatory and actual damages.

36. Defendants' scurrilous actions in knowingly making the false statements were intentionally done with expressed and implied malice on the part of the Defendants. Defendants

---

[1] IC § 35-45-10-1 Stalking means a knowing or an intentional course of conduct involving repeated or continuing harassment of another person that would cause a reasonable person to feel terrorized, frightened, intimidated, or threatened and that actually causes the victim to feel terrorized, frightened, intimidated, or threatened. The term does not include statutorily or constitutionally protected activity.

[2] IC § 35-45-10-1 "harassment" means conduct directed toward a victim that includes but is not limited to repeated or continuing impermissible contact that would cause a reasonable person to suffer emotional distress and that actually causes the victim to suffer emotional distress. Harassment does not include statutorily or constitutionally protected activity, such as lawful picketing pursuant to labor disputes or lawful employer-related activities pursuant to labor disputes. *A person who stalks another person commits stalking, a Level 6 felony* (emphasis added).

knew or should have known, that such statements were false when they made them. Nonetheless, Defendants made such false statements recklessly and in conscious disregard for the truth.

37. Defendants committed such acts maliciously, oppressively, and fraudulently, with ill will and an evil intent to defame and injure Kaps. Plaintiff, therefore, seeks an award of punitive and exemplary damages.

WHEREFORE, Plaintiff prays for judgment in his favor and against Defendants as follows:

A. that this Court Order Defendants to pay Plaintiff an amount in excess of $75,000.00 in actual and compensatory damages;

B. that this Court Order Defendants to pay Plaintiff $500,000.00 in punitive damages;

C. Award Plaintiff reasonable attorney fees and cost of the lawsuit;

D. this Court order such other and further relief as it may deem just and proper.

## COUNT II

### Invasion of Privacy/False Light

38. Paragraphs 1-38 are incorporated herein as if fully pleaded at length.

39. Defendants, through their false statements, and public disclosure, gave publicity to matters concerning the Plaintiff that unreasonably places him in a false light and violates his right to privacy.

40. The false light in which Plaintiff has been placed would be highly offensive to a reasonable person.

41. Defendants knew or should have known of the falsity of the publicized matter and the false light in which Plaintiff would be placed and/or acted with reckless disregard for the truth or falsity of the publicized matter and the false light in which the Plaintiff would be placed.

42. Kaps has suffered damages proximately caused by Defendants scurrilous conduct and false statements, and placement of the Plaintiff in a false light, and invasion of privacy including but not limited to loss of employment, loss of future income, injury to his business reputation, injury to credit, attorney fees and cost of suit in an amount which is currently unknown, but in excess of $75,000.00. By reason of Defendants scurrilous conduct and false statements, and placement of the Plaintiff in a false light, and invasion of privacy, Kaps is entitled to both compensatory and actual damages.

43. Defendants scurrilous conduct and false statements, and placement of the Plaintiff in a false light, and invasion of privacy were intentionally done with the expressed and implied malice on the part of the Defendants. Defendants knew or should have known, that such statements were false when they published them. Nonetheless, Defendants published such false statements recklessly and in conscious disregard for the truth. Further, Defendants committed such acts maliciously, oppressively, and fraudulently, with ill will and an evil intent to defame and injure Kaps. Plaintiff, therefore, seeks an award of punitive and exemplary damages.

WHEREFORE, Plaintiff prays for judgment in his favor and against Defendant as follows:

A. that this Court Order Defendant to pay Plaintiff an amount in excess of $75,000.00 in actual and compensatory damages;

B. that this Court Order Defendants to pay Plaintiff $500,000.00 in punitive damages;

C. Award Plaintiff reasonable attorney fees and cost of the lawsuit;

D. this Court order such other and further relief as it may deem just and proper.

## JURY TRIAL DEMAND

Plaintiff requests a jury trial on all questions of fact raised in his complaint.

Respectfully submitted,

*Ss//John Robert Panico*
John Robert Panico (#24039-48)
PANICO LAW LLC
9465 Counselors Row, Suite 200
Indianapolis, IN 46240
(317) 759-7464
Email: jpanico@discriminationlawgroup.com

*Counsel for Plaintiff Christopher Kaps*