**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION**

| | |
|---|---|
| CHRISTOPHER KAPS,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>TJ BRAY, AMY MARTINEZ, TIM LEATH, MIKE STEVENS, CARRIER CORPORATION AND DOES ONE THROUGH FIVE,<br><br>　　　　Defendants. | Case No. 1:18-cv-01832-SEB-MPB<br><br>JURY TRIAL DEMAND |

**DEFENDANTS CARRIER CORPORATION, TJ BRAY, AMY MARTINEZ, TIMOTHY LEATH AND MICHAEL STEVENS' ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF CHRISTOPHER KAPS' FIRST AMENDED COMPLAINT**

Defendants CARRIER CORPORATION ("CARRIER"), TJ BRAY, AMY MARTINEZ, TIMOTHY LEATH and MICHAEL STEVENS (collectively "Defendants"), by and through their attorneys, Seyfarth Shaw LLP, and pursuant to Fed. R. Civ. P. 8 and 12, hereby submit their Answer and Affirmative Defenses to Plaintiff Christopher Kaps' ("Plaintiff") First Amended Complaint as follows:

**PARTIES**

**COMPLAINT ¶1:**

Plaintiff, Christopher Kaps (hereinafter "Plaintiff" or "Kaps") is a citizen of the State of New York.

**ANSWER:**

Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph No. 1 of Plaintiff's First Amended Complaint.

**COMPLAINT ¶2:**

Defendant, TJ BRAY ("BRAY") is a citizen of the State of Indiana.

**ANSWER:**

Defendants admit the allegations in Paragraph No. 2 of Plaintiff's First Amended Complaint.

**COMPLAINT ¶3:**

Defendant AMY MARTINEZ ("MARTINEZ"), is a citizen of the State of Indiana.

**ANSWER:**

Defendants admit the allegations in Paragraph No. 3 of Plaintiff's First Amended Complaint.

**COMPLAINT ¶4:**

Defendant TIM LEATH ("LEATH"), is a citizen of the State of Indiana.

**ANSWER:**

Defendants denies the allegations in Paragraph No. 4 of Plaintiff's First Amended Complaint.

**COMPLAINT ¶5:**

Defendant MIKE STEVENS ("STEVENS"), is a citizen of the State of Indiana.

**ANSWER:**

Defendants admit the allegations in Paragraph No. 5 of Plaintiff's First Amended Complaint.

**COMPLAINT ¶6:**

Upon information and belief, Defendant CARRIER CORPORATION, ("CARRIER") is a Delaware for-profit corporation, authorized to conduct business within the State of Indiana.

**ANSWER:**

Defendants admit the allegations in Paragraph No. 6 of Plaintiff's First Amended Complaint.

**COMPLAINT ¶7:**

Upon information and belief, Defendant CARRIER maintains its principal office at 13995 Pasteur Boulevard, Palm Beach Gardens, FL 33418.

**ANSWER:**

Defendants admit the allegations in Paragraph No. 7 of Plaintiff's First Amended Complaint.

## JURISDICTION AND VENUE

**COMPLAINT ¶8:**

Plaintiff brings his complaint under federal diversity jurisdiction, 28 U.S.C. 1332, as the parties are completely diverse in citizenship, and the amount in controversy exceeds $75,000.

**ANSWER:**

Defendants admit that jurisdiction is proper and that Plaintiff purports to seek more than $75,000 in damages, but deny that they engaged in any wrongdoing and that Plaintiff is entitled to any damages whatsoever.

**COMPLAINT ¶9:**

Venue is proper in this district under 28 U.S.C. §§ 1391(b) and 1391(c) as the events took place within the Southern District of Indiana.

**ANSWER:**

Defendants admit that venue is proper, but deny they engaged in any wrongdoing. Defendants deny the remaining allegations in Paragraph No. 9 of Plaintiff's First Amended Complaint.

## FACTUAL BACKGROUND

**COMPLAINT ¶10:**

At all times pertinent hereto, Plaintiff was employed as a Plant Supervisor at Carrier Corporation, 7310 West Morris Street, Indianapolis, Indiana (hereinafter "Carrier").

**ANSWER:**

Defendants admit that Plaintiff was previously employed as a Supervisor at Carrier's facility located at 7310 West Morris Street, Indianapolis, Indiana. Defendants deny the remaining allegations in Paragraph No. 10 of Plaintiff's First Amended Complaint.

**COMPLAINT ¶11:**

Julie Martin ("Martin"), was an hourly-paid production employee at Carrier.

**ANSWER:**

Defendants admit that Julie Martin was and is an hourly-paid production employee at Carrier.

**COMPLAINT ¶12:**

At all times pertinent hereto, Kaps was Martin's immediate supervisor.

**ANSWER:**

Defendants admit that Plaintiff was previously Martin's immediate supervisor until the time of his termination of employment. Defendants deny the remaining allegations in Paragraph No. 12 of Plaintiff's First Amended Complaint.

**COMPLAINT ¶13:**

At all times pertinent hereto, Kaps duly and faithfully performed his job with Carrier in a satisfactory manner.

**ANSWER:**

Defendants deny the allegations in Paragraph No. 13 of Plaintiff's First Amended Complaint.

**COMPLAINT ¶14:**

Sometime between September of 2016 and February 2017 Kaps and Martin, had on several occasions, met socially after work, along with members of Martin's family and friends.

**ANSWER:**

Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph No. 14 of Plaintiff's First Amended Complaint.

**COMPLAINT ¶15:**

After meeting with Martin and company after work, Kaps had formed the belief that Martin was seeking a romantic relationship with him.

**ANSWER:**

Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph No. 15 of Plaintiff's First Amended Complaint.

**COMPLAINT ¶16:**

Sometime in or about February 2017, Kaps decided to end the social relationship with Martin.

**ANSWER:**

Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph No. 16 of Plaintiff's First Amended Complaint.

**COMPLAINT ¶17:**

Sometime in or about February 2017, Kaps declined three invitations from Martin to meet after work.

**ANSWER:**

Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph No. 17 of Plaintiff's First Amended Complaint.

**COMPLAINT ¶18:**

Sometime thereafter, in or about the end of February 2017, Kaps had cause to reprimand Martin for her failure to wear personal protective equipment while inside Carrier's plant.

**ANSWER:**

Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph No. 18 of Plaintiff's First Amended Complaint.

**COMPLAINT ¶19:**

Shortly after having her advances rebuffed and being reprimanded by Kaps, sometime in or about March of 2017, Martin had told Union Representative TJ Bray that Kaps had "Stalked" and "Harassed" her during off-duty hours.

**ANSWER:**

Defendants admit that in March 2017 Martin complained to Union Representative TJ Bray about Kaps engaging in inappropriate conduct. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph No. 19 of Plaintiff's First Amended Complaint.

**COMPLAINT ¶20:**

Martin's statement that Kaps had stalked and harassed her was a fabrication (See Exhibit A).

**ANSWER:**

Defendants admit that Plaintiff has attached an April 14, 2018 statement from Martin to his First Amended Complaint where Martin states that her report to Carrier that Christopher Kaps was stalking and harassing her was not true, but deny that they understood or believed Martin's complaint regarding Plaintiff to be a fabrication at the time she raised, and Carrier investigated, her concerns in 2017. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph No. 20 of Plaintiff's First Amended Complaint.

**COMPLAINT ¶21:**

On or about March 6, 2017, Bray repeated the statement that Kaps had stalked and harassed Martin after working hours to Carrier's Labor Relations Manager Amy Martinez.

**ANSWER:**

Defendants admit that in March 2017 Bray discussed Martin's complaint about Kaps with Carrier's Labor Relations Manager Amy Martinez. Defendants deny the remaining allegations in Paragraph 21 of Plaintiff's First Amended Complaint.

**COMPLAINT ¶22:**

Upon information and belief, sometime in or about March of 2017 Martinez repeated the statement that Kaps had stalked and harassed Martin to Kaps' immediate supervisors Cell Manager Tim Leath ("Leath") and Area Manager Mike Stevens ("Stevens").

**ANSWER:**

Defendants deny the allegations contained in Paragraph No. 22 of Plaintiff's First Amended Complaint.

**COMPLAINT ¶23:**

On or about March 6, 2017, Leath repeated to Kaps the statement that Kaps had stalked and harassed Martin.

**ANSWER:**

Defendants deny the allegations contained in Paragraph No. 23 of Plaintiff's First Amended Complaint.

**COMPLAINT ¶24:**

On or about March 14, 2017 Stevens repeated to Kaps the statement that Kaps had stalked and harassed Martin.

**ANSWER:**

Defendants deny the allegations contained in Paragraph No. 24 of Plaintiff's First Amended Complaint.

**COMPLAINT ¶25:**

On or about March 14, 2017 Kaps was discharged from employment with Carrier on the grounds that Kaps violated Carrier's Ethics policy for stalking and harassing a female subordinate employee during non-working hours.

**ANSWER:**

Defendants admit that on or about March 14, 2017, Plaintiff was discharged from employment with Carrier. Defendants deny the remaining allegations contained in Paragraph No. 25 of Plaintiff's First Amended Complaint.

## COUNT ONE

### *Slander Per Se*

**COMPLAINT ¶26:**

Paragraphs 1- 25 are incorporated herein as if fully pleaded at length.

**ANSWER:**

Defendants incorporates by reference and restates its answers to Paragraphs Nos. 1-25 in Plaintiff's First Amended Complaint as if fully set forth herein.

**COMPLAINT ¶27:**

The Defendants – all of the Defendants-together and each of them acting in concert, jointly, severally, and individually, have defamed the Plaintiff by knowingly, intentionally, willfully, or negligently published statements about the Plaintiff which they knew, or should have known to be false.

**ANSWER:**

Defendants deny the allegations in Paragraph No. 27 of Plaintiff's First Amended Complaint.

**COMPLAINT ¶28:**

Defendants-together and each of them acting in concert, jointly, severally, and individually, made false statements that are Slander *Per Se,* accusing Plaintiff of the committing crimes of Stalking and Harassment.

**ANSWER:**

Defendants deny the allegations in Paragraph No. 28 of Plaintiff's First Amended Complaint.

**COMPLAINT ¶29:**

The false and defamatory statements are injurious to the reputation of Kaps as it implicates KAPS in criminal conduct under IC § 35-45-10-1 (Stalking)[1] and IC § 35-45-10-1 (Harassment)[2].

**ANSWER:**

Defendants deny the allegations in Paragraph No. 29 of Plaintiff's First Amended Complaint.

**COMPLAINT ¶30:**

Upon information and belief, Martin reported during an internal investigation conducted by Carrier that Kaps had *Stalked and Harassed* Martin during non-working hours.

**ANSWER:**

Defendants admit the allegations in Paragraph No. 30 of Plaintiff's First Amended Complaint.

**COMPLAINT ¶31:**

Defendants, and each of them, repeated these falsehoods to third parties.

**ANSWER:**

Defendants deny the allegations contained in Paragraph No. 31 of Plaintiff's First Amended Complaint.

**COMPLAINT ¶32:**

Martin knew, or should have known, that such false statements would likely result in material and substantial injury to Plaintiff's professional reputation in the community.

---

[1] IC § 35-45-10-1 Stalking means a knowing or an intentional course of conduct involving repeated or continuing harassment of another person that would cause a reasonable person to feel terrorized, frightened, intimidated, or threatened and that actually causes the victim to feel terrorized, frightened, intimidated, or threatened. The term does not include statutorily or constitutionally protected activity.

[2] IC § 35-45-10-1 "harassment" means conduct directed toward a victim that includes but is not limited to repeated or continuing impermissible contact that would cause a reasonable person to suffer emotional distress and that actually causes the victim to suffer emotional distress. Harassment does not include statutorily or constitutionally protected activity, such as lawful picketing pursuant to labor disputes or lawful employer-related activities pursuant to labor disputes. ***A person who stalks another person commits stalking, a Level 6 felon**y* (emphasis added).

**ANSWER:**

Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph No. 32 of Plaintiff's First Amended Complaint.

**COMPLAINT ¶33:**

Defendants knew, or should have known, that such false statements would likely result in material and substantial injury to Plaintiff's employment with Carrier and professional reputation in the community.

**ANSWER:**

Defendants deny the allegations in Paragraph No. 33 of Plaintiff's First Amended Complaint.

**COMPLAINT ¶34:**

Kaps has suffered damages proximately caused by Defendants' defamatory statements, including but not limited to loss of employment, loss of reputation, attorney fees and court costs, in an amount which is currently unknown, but in excess of $75,000.00. By reason of Defendants' defamatory statements, Kaps is entitled to both compensatory and actual damages.

**ANSWER:**

Defendants deny the allegations in Paragraph No. 34 of Plaintiff's First Amended Complaint.

**COMPLAINT ¶35:**

Defendants' scurrilous actions in knowingly making the false statements were intentionally done with expressed and implied malice on the part of the Defendants. Defendants knew or should have known, that such statements were false when they made them. Nonetheless, Defendants made such false statements recklessly and in conscious disregard for the truth.

**ANSWER:**

Defendants deny the allegations in Paragraph No. 35 of Plaintiff's First Amended Complaint.

**COMPLAINT ¶36:**

Defendants committed such acts maliciously, oppressively, and fraudulently, with ill will and an evil intent to defame and injure Kaps. Plaintiff, therefore, seeks an award of punitive and exemplary damages.

**ANSWER:**

Defendants deny the allegations in Paragraph No. 36 of Plaintiff's First Amended Complaint.

## COUNT II

## Invasion of Privacy/False Light

**COMPLAINT ¶37:**

Paragraphs 1-36 are incorporated herein as if fully pleaded at length.

**ANSWER:**

Defendants incorporates by reference and restates its answers to Paragraphs Nos. 1-36 in Plaintiff's First Amended Complaint as if fully set forth herein.

**COMPLAINT ¶38:**

Defendants, through their false statements, and public disclosure, gave publicity to matters concerning the Plaintiff that unreasonably places him in a false light and violates his right to privacy.

**ANSWER:**

Defendants deny the allegations in Paragraph No. 38 of Plaintiff's First Amended Complaint.

**COMPLAINT ¶39:**

The false light in which Plaintiff has been placed would be highly offensive to a reasonable person.

**ANSWER:**

Defendants deny the allegations in Paragraph No. 39 of Plaintiff's First Amended Complaint.

**COMPLAINT ¶40:**

Defendants knew or should have known of the falsity of the publicized matter and the false light in which Plaintiff would be placed and/or acted with reckless disregard for the truth or falsity of the publicized matter and the false light in which the Plaintiff would be placed.

**ANSWER:**

Defendants deny the allegations in Paragraph No. 40 of Plaintiff's First Amended Complaint.

**COMPLAINT ¶41:**

Kaps has suffered damages proximately caused by Defendants scurrilous conduct and false statements, and placement of the Plaintiff in a false light, and invasion of privacy including but not limited to loss of employment, loss of future income, injury to his business reputation, injury to credit, attorney fees and cost of suit in an amount which is currently unknown, but in excess of $75,000.00. By reason of Defendants scurrilous conduct and false statements, and placement of the Plaintiff in a false light, and invasion of privacy, Kaps is entitled to both compensatory and actual damages.

**ANSWER:**

Defendants deny the allegations in Paragraph No. 41 of Plaintiff's First Amended Complaint.

**COMPLAINT ¶42:**

Defendants scurrilous conduct and false statements, and placement of the Plaintiff in a false light, and invasion of privacy were intentionally done with the expressed and implied malice on the part of the Defendants. Defendants knew or should have known, that such statements were false when they published them. Nonetheless, Defendants published such false statements recklessly and in conscious disregard for the truth. Further, Defendants committed such acts maliciously, oppressively, and fraudulently, with ill will and an evil intent to defame and injure Kaps. Plaintiff, therefore, seeks an award of punitive and exemplary damages.

**ANSWER:**

Defendants deny the allegations contained in Paragraph No. 42 of Plaintiff's First Amended Complaint.

## **AFFIRMATIVE DEFENSES**

1. Plaintiff's claims for relief are barred to the extent he has failed to mitigate his damages.

2. Plaintiff's claims are barred to the extent they occurred and/or accrued outside of the applicable statute of limitations.

3. All or part of Plaintiff's punitive and/or liquidated damages claims against Defendants are barred because Defendants have made good faith efforts to comply with applicable law.

4. Plaintiff's claims and/or damages may be barred and/or limited by the after-acquired evidence doctrine.

5. Plaintiff cannot recover damages as alleged, or any such damages recovered must be reduced, because of Plaintiff's unclean hands.

6. Assuming arguendo that Defendants made any defamatory statements about Plaintiff, Defendants had a qualified and/or absolute privilege to make such statement.

7. Assuming arguendo that Defendants made any defamatory statement about Plaintiff, such statement was true.

8. Assuming arguendo that Defendant made any defamatory statement about Plaintiff, which Defendant denies, such statement was protected by the intracorporate communications doctrine.

9. Plaintiff's claims are barred, in whole or in part, due to lack of actual malice or ill will.

10. Plaintiff's claims are barred, in whole or in part, because Defendant did not expressly direct or authorize any individuals to make any allegedly defamatory statements.

WHEREFORE, Defendants deny that Plaintiff has been damaged by any act, omission, or other conduct on the part of Defendants or their agents, representatives, or employees.  Defendants also deny that Plaintiff is entitled to the relief sought in the First Amended Complaint or any relief whatsoever.  Defendants further deny every allegation not expressly admitted in this Answer and asserts the following affirmative defenses.

DATED:  August 27, 2018

Respectfully submitted,

CARRIER CORPORATION, TJ BRAY, TIMOTHY LEATH, AMY MARTINEZ AND MICHAEL STEVENS

By: */s/ Misty R Martin*
Uma Chandrasekaran
uchandrasekaran@seyfarth.com
Misty R. Martin
mrmartin@seyfarth.com
SEYFARTH SHAW LLP
233 South Wacker Drive
Suite 8000
Chicago, Illinois  60606-6448
Telephone:	(312) 460-5000
Facsimile:	(312) 460-7000

ATTORNEYS FOR DEFENDANTS
CARRIER CORPORATION, TJ BRAY, TIMOTHY LEATH, AMY MARTINEZ AND MICHAEL STEVENS

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| CHRISTOPHER KAPS,<br><br>        Plaintiff,<br><br>   v.<br><br>TJ BRAY, AMY MARTINEZ, TIM LEATH, MIKE STEVENS, CARRIER CORPORATION, and DOES ONE THORUGH FIVE,<br><br>        Defendants. | Case No. 1:18-cv-01832-SEB-MPB |

## **CERTIFICATE OF SERVICE**

I hereby certify that on August 27, 2018, I electronically filed the foregoing DEFENDANTS CARRIER CORPORATION, TJ BRAY, AMY MARTINEZ, TIMOTHY LEATH AND MICHAEL STEVENS' ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF CHRISTOPHER KAPS' FIRST AMENDED COMPLAINT with the Clerk of Court using the CM/ECF system, which will automatically send electronic notification of such filing to the following attorney of record:

>John Robert Panico
>PANICO LAW LLC
>9465 Counselors Row, Suite 200
>Indianapolis, IN 46240
>jpanico@discriminationlawgroup.com

>*s/ Misty R. Martin*
>Counsel for Defendants