UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| CHRISTOPHER KAPS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Cause No. 1:18-cv-1832 |
| | ) | |
| TJ BRAY, AMY MARTINEZ, | ) | |
| TIM LEATH, MIKE STEVENS | ) | |
| CARRIER CORPORATION, and DOES | ) | **JURY TRIAL DEMAND** |
| ONE THROUGH FIVE | ) | |
| Defendants. | ) | |

**PLAINTIFF'S SECOND AMENDED COMPLAINT**

NOW COMES Plaintiff, CHRISTOPHER KAPS, by counsel, upon information and belief, complains of Defendants TJ BRAY, AMY MARTINEZ, TIM LEATH, MIKE STEVENS, CARRIER CORPORATION AND DOES ONE THROUGH FIVE, acting in concert, jointly and severally, as follows:

**NATURE OF ACTION**

1. This action is brought to secure redress for Defendant's violation of Plaintiff's civil rights to be free from employment discrimination on the basis of his gender under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000 et seq. ("Title VII").

2. This action is for personal injury arising from Plaintiff's termination from employment with CARRIER CORPORATION ("Carrier") for common law Slander *Per Se*, and Invasion of Privacy (False Light).

## PARTIES

1. Plaintiff, Christopher Kaps (hereinafter "Plaintiff" or "Kaps") is a citizen of the State of New York.

2. Defendant, TJ BRAY ("BRAY") is a citizen of the State of Indiana.

3. Defendant AMY MARTINEZ ("MARTINEZ"), is a citizen of the State of Indiana.

4. Defendant TIM LEATH ("LEATH"), is a citizen of the State of Indiana.

5. Defendant MIKE STEVENS ("STEVENS"), is a citizen of the State of Indiana.

6. Defendant CARRIER CORPORATION, ("CARRIER") is a foreign for-profit corporation, authorized to conduct business within the State of Indiana,

7. DOES ONE THROUGH FIVE, upon information and belief are all citizens of the State of Indiana, are sued herein under fictitious names. Their true names and capacities are presently unknown to Plaintiff. When the true names and capacities are ascertained, Plaintiff will amend this Complaint by inserting such information. Plaintiff is informed and believes and thereon alleges that each of the fictitiously named defendants is responsible in some manner for the occurrences alleged herein and Plaintiff's damages were proximately caused by said Defendants.

8. Plaintiff is informed and believes and thereon alleges that at all times relevant, each Defendant, including the DOE Defendants, was the agent, servant, representative, and/or employee of each other Defendants, and that in doing the things hereinafter alleged, each Defendant was acting within the course and scope of his, her or its authority as such agent, servant, representative and/or employee, with the permission, knowledge, consent and ratification of each other Defendants.

## JURISDICTION AND VENUE

9. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 as this matter involves a federal question based upon Title VII.

10. Venue is proper in the Southern District of Indiana pursuant to 706 (f)(3) of Title VII, 42 U.S.C. § 2000e-5 (f)(3) because unlawful discrimination giving rise the Plaintiff's claims occurred in this district.

11. 28 U.S.C. §1367 gives the district court supplemental jurisdiction.

## PROCEDURAL PREREQUISITES

12. On or about August 7, 2018, Plaintiff filed a charge of sex discrimination (Charge No. 470-2018-03799) against Carrier with the U.S. Equal Employment Opportunity Commission ("EEOC"), Indianapolis District.

13. On or about September 11, 2018, the EEOC mailed notice of suit rights to Plaintiff. Plaintiff received his notice of suit rights from the EEOC on or about September 14, 2018 and not more than 90 days has elapsed since receipt of same.

## FACTUAL ALLEGATIONS

14. At all times pertinent hereto, Plaintiff was employed as a Plant Supervisor at Carrier Corporation, 7310 West Morris Street, Indianapolis, Indiana (hereinafter "Carrier").

15. Julie Martin ("Martin"), was an hourly-paid production employee at Carrier.

16. At all times pertinent hereto, Kaps was Martin's immediate supervisor.

17. At all times pertinent hereto, Kaps duly and faithfully performed his job with Carrier in a satisfactory manner.

18. Sometime between September of 2016 and February 2017 Kaps and Martin, had on several occasions, met socially after work, along with members of Martin's family and friends.

3

19. After meeting with Martin and company after work, Kaps had formed the belief that Martin was seeking a romantic relationship with him.

20. Sometime in or about February 2017, Kaps decided to end the social relationship with Martin.

21. Sometime in or about February 2017, Kaps declined three invitations from Martin to meet after work.

22. Sometime thereafter, in or about the end of February 2017, Kaps had cause to reprimand Martin for her failure to wear personal protective equipment while inside Carrier's plant.

23. Shortly after having her advances rebuffed and being reprimanded by Kaps, sometime in or about March of 2017, Martin had told Union Representative TJ Bray that Kaps had "Stalked" and "Harassed" her during off-duty hours.

24. Martin's statement that Kaps had stalked and harassed her was a fabrication (See Exhibit A).

25. On or about March 6, 2017, Bray repeated the statement that Kaps had stalked and harassed Martin after working hours to Carrier's Labor Relations Manager Amy Martinez.

26. Upon information and belief, sometime in or about March of 2017 Martinez repeated the statement that Kaps had stalked and harassed Martin to Kaps' immediate supervisors Cell Manager Tim Leath ("Leath") and Area Manager Mike Stevens ("Stevens") and/or Does 1 through 5.

27. On or about March 6, 2017, Leath repeated to Kaps the statement that Kaps had stalked and harassed Martin.

28. On or about March 14, 2017 Stevens repeated to Kaps the statement that Kaps had stalked and harassed Martin.

29. On or about March 14, 2017 Kaps was discharged from employment with Carrier on the grounds that Kaps violated Carrier's Ethics policy for stalking and harassing a female subordinate employee during non-working hours.

30. Sometime in or about April 2018, Carrier was provided with a copy of Martin's affidavit showing that Martin presented to Carrier a fabricated story regarding the Plaintiff.

31. To date, Carrier has not disciplined or discharged Martin for her violation of Carrier's Code of Ethics for lying during an investigation and pursuing a romantic relationship with her immediate supervisor.

32. Plaintiff is informed and believes that he has been subjected to an adverse employment action because of his gender in violation of Title VII, as a female employee was afforded better treatment for violation of defendant-employer's code of ethics policy.

## RELIEF ALLEGATIONS

33. An actual controversy exists between Plaintiff and Carrier regarding their respective rights and duties. Plaintiff seeks a judicial declaration of the rights and duties of the respective parties, including a declaration that Carrier's conduct violated Title VII. Plaintiff is informed and believes, and thereon alleges, that Defendant deny that its actions and/or failures to act were unlawful. Declaratory relief is therefore necessary and appropriate at this time so that Plaintiff can ascertain his rights.

34. Carrier intentionally acted or failed to act as herein alleged on the basis of Plaintiff's gender.

35. Carrier acted or failed to act as herein alleged with malice or reckless indifference to Plaintiff's federally protected rights. Plaintiff is thus entitled to recover punitive damages in an amount according to proof.

## COUNT I
### Unlawful Discrimination in Violation of Title VII

36. Plaintiff realleges and incorporates as if fully stated herein each and every allegation as set forth above.

37. Defendant Carrier's conduct as stated herein violated Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq.

38. Carrier's conduct as alleged herein constitutes discrimination based on gender in violation of Title VII. The stated reason for the Defendant's conduct were not the true reasons, but instead were pretext to hide the Defendant's discriminatory animus.

39. As a proximate result of Carrier's discriminatory actions, Plaintiff has suffered losses in compensation, earning capacity, humiliation, and mental anguish. As a result of those actions and consequence harms, Plaintiff has suffered such damages in an amount to be proven at trial.

40. Defendant's unlawful conduct was intentional, willful, malicious, and/or done with reckless disregard for the federally protected rights of the Plaintiff.

WHEREFORE, Plaintiff respectfully request that this Court:

    A. Enter a declaratory judgment that the practices complained of in this Amended Complaint are unlawful and violate Title VII of the Civil Rights Act of 1964, as amended;

    B. Grant all injunctive relief necessary to bring the Defendant into compliance with Title VII;

  C. Order Defendant to pay wages, salary, employment benefits and other compensation denied or lost to Plaintiff to date by reason of Defendant's unlawful actions to be proven at trial;

  D. Order Defendant pay exemplary and punitive damages;

  E. Order Defendant pay attorney fees and costs of this action;

  F. Grant any other relief the Court deems appropriate.

## COUNT II
### Slander Per Se

41. Plaintiff realleges and incorporates as if fully stated herein each and every allegation as set forth above.

42. The Defendants – all of the Defendants-together and each of them acting in concert, jointly, severally, and individually, have defamed the Plaintiff by knowingly, intentionally, willfully, or negligently published statements about the Plaintiff which they knew, or should have known to be false.

43. Defendants-together and each of them acting in concert, jointly, severally, and individually, made false statements that are Slander *Per Se,* accusing Plaintiff of the committing crimes of Stalking and Harassment.

44. The false and defamatory statements are injurious to the reputation of Kaps as it implicates KAPS in criminal conduct under IC § 35-45-10-1 (Stalking) [1] and IC § 35-45-10-1 (Harassment) [2].

---

[1] IC § 35-45-10-1 Stalking means a knowing or an intentional course of conduct involving repeated or continuing harassment of another person that would cause a reasonable person to feel terrorized, frightened, intimidated, or threatened and that actually causes the victim to feel terrorized, frightened, intimidated, or threatened. The term does not include statutorily or constitutionally protected activity.

[2] IC § 35-45-10-1 "harassment" means conduct directed toward a victim that includes but is not limited to repeated or continuing impermissible contact that would cause a reasonable person to suffer emotional distress and that actually causes the victim to suffer emotional distress. Harassment does not include statutorily or constitutionally protected activity, such as lawful picketing pursuant to labor disputes or lawful employer-related activities pursuant to labor disputes. ***A person who stalks another person commits stalking, a Level 6 felony*** (emphasis added).

45. Upon information and belief, Martin reported during an internal investigation conducted by Carrier that Kaps had *Stalked and Harassed* Martin during non-working hours.

46. Defendants, and each of them, repeated these falsehoods to third parties.

47. Martin knew, or should have known, that such false statements would likely result in material and substantial injury to Plaintiff's professional reputation in the community.

48. Defendants knew, or should have known, that such false statements would likely result in material and substantial injury to Plaintiff's employment with Carrier and professional reputation in the community.

49. Kaps has suffered damages proximately caused by Defendants' defamatory statements, including but not limited to loss of employment, loss of reputation, attorney fees and court costs, in an amount which is currently unknown, but in excess of $75,000.00. By reason of Defendants' defamatory statements, Kaps is entitled to both compensatory and actual damages.

50. Defendants' scurrilous actions in knowingly making the false statements were intentionally done with expressed and implied malice on the part of the Defendants. Defendants knew or should have known, that such statements were false when they made them. Nonetheless, Defendants made such false statements recklessly and in conscious disregard for the truth.

51. Defendants committed such acts maliciously, oppressively, and fraudulently, with ill will and an evil intent to defame and injure Kaps. Plaintiff, therefore, seeks an award of punitive and exemplary damages.

WHEREFORE, Plaintiff prays for judgment in his favor and against Defendants as follows:

A. that this Court Order Defendants to pay Plaintiff an amount in excess of $75,000.00 in actual and compensatory damages;

B. that this Court Order Defendants to pay Plaintiff $500,000.00 in punitive damages;

  C. Award Plaintiff reasonable attorney fees and cost of the lawsuit;

  D. this Court order such other and further relief as it may deem just and proper.

## COUNT III
### Invasion of Privacy/False Light

52. Plaintiff realleges and incorporates as if fully stated herein each and every allegation as set forth above.

53. Defendants, through their false statements, and public disclosure, gave publicity to matters concerning the Plaintiff that unreasonably places him in a false light and violates his right to privacy.

54. The false light in which Plaintiff has been placed would be highly offensive to a reasonable person.

55. Defendants knew or should have known of the falsity of the publicized matter and the false light in which Plaintiff would be placed and/or acted with reckless disregard for the truth or falsity of the publicized matter and the false light in which the Plaintiff would be placed.

56. Kaps has suffered damages proximately caused by Defendants scurrilous conduct and false statements, and placement of the Plaintiff in a false light, and invasion of privacy including but not limited to loss of employment, loss of future income, injury to his business reputation, injury to credit, attorney fees and cost of suit in an amount which is currently unknown, but in excess of $75,000.00. By reason of Defendants scurrilous conduct and false statements, and placement of the Plaintiff in a false light, and invasion of privacy, Kaps is entitled to both compensatory and actual damages.

57. Defendants scurrilous conduct and false statements, and placement of the Plaintiff in a false light, and invasion of privacy were intentionally done with the expressed and implied malice on the part of the Defendants. Defendants knew or should have known, that such statements were

false when they published them. Nonetheless, Defendants published such false statements recklessly and in conscious disregard for the truth. Further, Defendants committed such acts maliciously, oppressively, and fraudulently, with ill will and an evil intent to defame and injure Kaps. Plaintiff, therefore, seeks an award of punitive and exemplary damages.

WHEREFORE, Plaintiff prays for judgment in his favor and against Defendant as follows:

    A.    that this Court Order Defendant to pay Plaintiff an amount in excess of $75,000.00 in actual and compensatory damages;

    B.    that this Court Order Defendants to pay Plaintiff $500,000.00 in punitive damages;

    C.    Award Plaintiff reasonable attorney fees and cost of the lawsuit;

    D.    this Court order such other and further relief as it may deem just and proper.

### JURY TRIAL DEMAND

Plaintiff requests a jury trial on all questions of fact raised in his complaint.

Respectfully submitted,

*Ss//John Robert Panico*
John Robert Panico (IN Bar No. 24039-48)
PANICO LAW LLC
9465 Counselors Row, Suite 200
Indianapolis, IN 46240
(317) 759-7464
Email: jpanico@discriminationlawgroup.com