**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION**

| | |
|---|---|
| CHRISTOPHER KAPS,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>TJ BRAY, AMY MARTINEZ, TIM LEATH, MIKE STEVENS and CARRIER CORPORATION,<br><br>　　　　Defendants. | Case No. 1:18-cv-01832-JRS-MPB<br><br>JURY TRIAL DEMAND |

**DEFENDANTS TJ BRAY, AMY MARTINEZ, TIMOTHY LEATH,
MICHAEL STEVENS AND CARRIER CORPORATION'S RESPONSE IN
OPPOSITION TO PLAINTIFF'S MOTION TO AMEND COMPLAINT**

Defendants TJ Bray, Amy Martinez, Timothy Leath, Michael Stevens and Carrier Corporation (collectively "Defendants"), by their attorneys and pursuant to Federal Rule of Civil Procedure 15 and Local Rules 7-1 and 15-1, hereby oppose Plaintiff's Motion to Amend Complaint ("Motion to Amend") because Plaintiff Christopher Kaps' proposed Second Amended Complaint, which purports to add a claim of discrimination against Carrier Corporation, is untimely and futile. Specifically, Plaintiff failed to timely pursue his gender discrimination claim under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.* ("Title VII"), following his receipt of a Notice of Right to Sue from the Equal Employment Opportunity Commission ("EEOC"). Apparently recognizing this failure and that his Title VII claim would be time-barred, Plaintiff then attempted to circumvent Title VII's statutory requirement by filing a second charge of discrimination with the EEOC based on the exact same alleged adverse action (his termination) in an attempt to receive a new Notice of Right to Sue. Plaintiff's blatant attempt to circumvent these time bars should be rejected. Because Plaintiff's

gender discrimination claim was not timely pursued following issuance of the first Notice of Right to Sue, it is time-barred and, thus, would not survive a motion to dismiss because it fails to assert a claim upon which relief may be granted.  Accordingly, addition of such a claim via the proposed Second Amended Complaint is futile.  Further, Plaintiff has acted with undue delay, without justification, and in bad faith with his attempt to amend.  Therefore, Defendants respectfully request that the Court deny Plaintiff's Motion to Amend.  In further support, Defendants state the following:

## RELEVANT FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Plaintiff was previously employed as a Plant Supervisor at Carrier Corporation.  (Dkt. No. 1, ¶ 2.)  On March 14, 2017, Carrier Corporation terminated Plaintiff's employment following an investigation of complaints raised by a female subordinate employee of Plaintiff.  (Dkt. No. 1, ¶¶ 20-26.)  On April 21, 2017, and shortly after his termination, Plaintiff filed a Charge of Discrimination ("April 2017 Charge") against Carrier Corporation with the EEOC.  (**Exhibit A**, EEOC Charge of Discrimination, Charge No.: 470-2017-01769.)[1]  In the April 2017 Charge, Plaintiff claimed that he "believes that he has been subjected to an adverse employment action (Discharge) by [Carrier Corporation] because of his gender in violation of Title VII of the Civil Rights Act of 1964, as amended."  (Ex. A.)  On August 21, 2017, the EEOC issued a Dismissal and Notice of Rights ("Notice of Rights") relating to the April 2017 Charge.  (**Exhibit B**, Dismissal and Notice of Rights, Charge No.: 470-2017-01769.)  In the Notice of Rights, which was addressed to Plaintiff at the address he provided in the April 2017 Charge, Plaintiff was advised that, should he elect to pursue a Title VII claim *vis-a-vis* a lawsuit against Carrier Corporation, "Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this notice;** or

---

[1] This Court has authority to take judicial notice of proceedings from administrative agencies.  *See Opoka v. I.N.S.*, 94 F.3d 392, 394 (7th Cir. 1996).

your right to sue based on this charge will be lost." (Ex. B (*emphasis in original*).)  Assuming Plaintiff received the Notice of Rights five days later, on August 26, 2017[2], he would have had to file his lawsuit alleging Title VII gender discrimination relating to his termination no later than November 24, 2017, which he did not do.

Instead, on June 15, 2018, nearly *seven months* after his deadline to file a Title VII claim had passed, Plaintiff filed the present lawsuit against Carrier Corporation, as well as other individual current and former employees of Carrier Corporation, alleging ONLY claims of slander per se and invasion of privacy/false light.  (Dkt. No. 1.)  In his Complaint, Plaintiff alleges that his employment was terminated on March 14, 2017.  (Dkt. No. 26.)[3]

Then, on August 7, 2018, which was 511 days after his employment was terminated, Plaintiff filed a second charge of discrimination with the EEOC ("August 2018 Charge"), again challenging his termination.  (**Exhibit C**, EEOC Charge of Discrimination, Charge No.: 470-2018-03799.)  In this Second Charge of Discrimination, Plaintiff, again, alleges that he "believes that he has been subjected to an adverse employment action (Discharge) by [Carrier Corporation] because of his gender in violation of Title VII of the Civil Rights Act of 1964, as amended …", which is **identical** to the claim within his April 2017 Charge.  This time, however, Plaintiff alleges that he was now subjected to a "continuing action" of discrimination by Carrier Corporation because he believes he has discovered alleged comparator evidence of another female employee purportedly engaged in similar misconduct in April 2018 (more than a year after Plaintiff's employment was terminated), but who was not similarly terminated.  (Ex. C.)  The August 2018 Charge continues to only allege gender discrimination and the only alleged

---

[2] Unless proven otherwise, the notice of rights letter is presumed to be received five days from the mailing date. *Loyd v. Sullivan*, 882 F.2d 218 (7th Cir. 1989).
[3] For reasons not relevant to the pending motion, Plaintiff was ordered to, and did, file a First Amended Complaint, which is the current operative pleading.  (Dkt. No. 10.)

adverse employment action against Plaintiff remains his March 2017 termination. The EEOC did not request a response from Carrier to the August 2018 Charge. Instead, on September 11, 2018, the EEOC issued a Dismissal and Notice of Rights relating to the August 2018 Charge. (**Exhibit D,** Dismissal and Notice of Rights, Charge No.: 470-2018-03799.)

Following receipt of the second Notice of Rights relating to the August 2018 Charge, Plaintiff only now filed the present Motion to Amend. (Dkt. No. 22.) Plaintiff requests leave to add a Title VII gender discrimination claim against Carrier Corporation, as well as adding parties Does One through Five as Defendants. (*Id.*) In his proposed complaint, Plaintiff claims that the March 14, 2017 termination of his employment was an adverse employment action because of his gender in violation of Title VII. (Dkt. No. 22-1, at 5.) Plaintiff alleges that the procedural prerequisites have been met and references his second charge of discrimination and related Notice of Rights letter. (*Id.*, at 3.) Notably, Plaintiff makes no mention of his first charge of discrimination or the related Notice of Rights letter, which was issued well over a year ago in August 2017. (*Id.*) Plaintiff offers no explanation as to why he failed to pursue his gender discrimination relating to the termination of his employment following the issuance of the Notice of Rights letter relating to his first charge of discrimination. (*Id.*)

## STANDARD

At this stage of the litigation, a plaintiff may only amend his pleading with leave of court. FED. R. CIV. P. 15(A)(2). While generally, leave to amend a complaint should be freely given, there is no absolute right to amend. The Supreme Court has held that a finding of undue delay, bad faith, or dilatory motive, repeated failures to cure deficiencies, undue prejudice to the non-moving party or futility of the amendment may be grounds to deny a motion to amend. *Foman v. Davis*, 371 U.S. 178, 182 (1962). The Seventh Circuit of Appeals continues to uphold *Foman* and held that there is no obligation to allow amendment if to do so would clearly be futile or if

4

there has been undue delay. *Airborne Beepers & Video, Inc. v. AT & T Mobility LLC*, 499 F.3d 663, 667 (7th Cir. 2007) (affirming denial of leave to amend because of undue delay and resulting prejudice); *Arce v. Chicago Transit Auth.*, 738 F. App'x 355, 358 (7th Cir. 2018) (affirming denial of leave to amend where amendment would be futile); *Hagan v. Quinn*, 867 F.3d 816, 829 (7th Cir. 2017) (affirming denial of leave to amend when amendment would be futile). For the reasons articulated below, the Court should deny Plaintiff's request to amend his Complaint to add a Title VII gender discrimination claim because such amendment would be futile as any such claim would be barred.

## ARGUMENT

### I. ADDITION OF PLAINTIFF'S TITLE VII CLAIM OF DISCRIMINATION IS FUTILE BECAUSE IT IS CLEARY TIME-BARRED.

#### A. PLAINTIFF FAILED TO PURSUE A GENDER DISCRIMINATION CLAIM WITHIN 90 DAYS OF RECEIVING HIS NOTICE OF RIGHTS.

A district court may deny a motion to amend on the grounds of futility when the proposed claim would not survive a motion to dismiss. *Gonzalez-Koeneke v. West*, 791 F.3d 801, 807 (7th Cir. 2015) (internal citations omitted); *Gandhi v. Sitara Capital Mgmt.*, *LLC*, 721 F.3d 865, 869 (7th Cir. 2013) (same). Federal Rule of Civil Procedure 12(b)(6) provides that a cause of action should be dismissed if it fails to state a claim upon which relief may be granted. Motions to dismiss are appropriate when a plaintiff has failed to timely file his complaint.

Here, Plaintiff's Amended Complaint proposes a cause of action for Title VII gender discrimination. (Dkt. 22-1, at 6.) Title VII has strict rules regarding administrative exhaustion prior to bringing a claim and how soon following agency action a claim must be brought, which cannot be circumvented. A civil action alleging a violation of Title VII must be filed within ninety days after receipt of a plaintiff's notice of right to sue. 42 U.S.C. § 2000e-5(f)(1); *see St.*

5

*Louis v. Alverno College*, 744 F.2d 1314, 1316 (7th Cir. 1984).  Title VII's mandatory ninety-day filing requirement is strictly enforced in this Circuit.  *Fleming v. Alcoa Building Products*, 820 F. Supp. 1113, 1116-17 (N.D. Ind. 1992) (citing *e.g., Jones v. Madison Serv. Corp.*, 744 F.2d 1309, 1314 (7th Cir. 1984)).  The failure to timely file will result in the dismissal of the plaintiff's claim.  *See Luckett v. Rent-A-Center, Inc.*, 53 F.3d 871, 872-73 (7th Cir. 1995).  Further, the Supreme Court has cautioned that Title VII's procedural prerequisites should not "be disregarded by courts out of a vague sympathy for particular litigants." *Baldwin County Welcome Ctr. v. Brown*, 466 U.S. 147, 152 (1984).

Plaintiff clearly did not timely pursue his Title VII claims of gender discrimination.  Thus, the futility of Plaintiff's amended complaint is readily apparent.  The EEOC sent Plaintiff his Notice of Rights on August 21, 2017.  The Notice of Rights clearly states that "[y]our lawsuit **must be filed WITHIN 90 DAYS of your receipt of this notice;** or your right to sue based on this charge will be lost."  (Ex. B (emphasis in original).)  The law presumes that Plaintiff received the notice of right to sue within five days of its mailing.  *Lody v. Sullivan*, 882 F.2d 218 (7th Cir. 1989) (applying the presumption that the right to sue letter was received five days after it was issued).  However, Plaintiff waited until June 15, 2018, ***421 days*** after his Notice of Rights was issued, to pursue a claim of Title VII discrimination.  Consequently, Plaintiff's proposed discrimination claim is time-barred and would be subject to dismissal with prejudice.  *See Alverno*, 744 F.2d at 1316-17 (7th Cir. 1984) (affirming dismissal of plaintiff's lawsuit for failure to file complaint within ninety days after receiving notice of right to sue); *Harding v. Fort Wayne Foundry/Pontiac Div., Inc.*, 919 F. Supp. 1223, 1228 (N.D. Ind. 1996) (dismissing plaintiff's lawsuit because he filed after expiration of the ninety-day period to file his complaint);

*Boyd v. Jacobs Project Mgmt. Co.*, No. 116CV02028SEBTAB, 2017 WL 4340325, at *4 (S.D. Ind. Sept. 29, 2017), aff'd, No. 18-1028, 2018 WL 5095432 (7th Cir. Oct. 18, 2018) (same).

The Seventh Circuit has affirmed denials of motions to amend on the grounds of futility when the amendment would not cure the jurisdictional deficiencies of the complaint. In *Arce*, plaintiff requested leave to pursue a hostile work environment claim, which the trial court denied because the claim was time-barred. *Arce v. Chicago Transit Authority*, 738 F. App'x 355, 358 (7th Cir. 2018). The Seventh Circuit affirmed the trial decision, agreeing that the proposed amendment was futile because the claim was time-barred. *Id.* The Seventh Circuit explained that because there were no incidents of harassment within the three-hundred day period preceding his charge of discrimination, the proposed claim was outside the requisite statutory period, and, as such, the proposed amendment was futile. *Id.* at 358; *see also Rizzo v. City of Wheaton, Ill.*, 462 F. App'x 609, 613 (7th Cir. 2011) (denying motion to amend based on futility where claims are barred by the statute of limitations); *NDK Corp. v. Local 1550 of United Food & Commercial Workers Int'l Union*, 709 F.2d 491 (7th Cir. 1983), *overruled on other grounds by Int'l Bhd. of Elec. Workers, Local 481 v. Sign-Craft, Inc.*, 864 F.2d 499 (7th Cir. 1988) (plaintiff is not entitled to amend its complaint only to have amended complaint dismissed for lack of jurisdiction). Hereto, Plaintiff's Motion to Amend should be denied on the grounds of futility as his Title VII discrimination claim is clearly time-barred as he did not pursue such a claim within ninety days after receiving his Notice of Right to Sue.

### B. PLAINTIFF CANNOT MAKE HIS TITLE VII CLAIM TIMELY BY FILING A SECOND CHARGE OF DISCRIMINATION 511 DAYS AFTER HIS TERMINATION AND SIMPLY BY CHECKING THE "CONTINUING ACTION" BOX.

Plaintiff will likely argue that it was proper to file a second charge because he later learned of alleged comparator evidence and, thus, checked the "continuing action" box, which was not checked on the first charge. This is improper for multiple reasons.

First, the August 2018 charge was filed far beyond 300 days after Plaintiff's termination and, thus, was untimely. The United States Supreme Court strictly adheres to this procedural requirement to guarantee "the protection of civil rights laws to those who promptly assert their rights" and to "protect[] employers from the burden of defending claims arising from employment decisions that are long past." *Delaware State Coll. v. Ricks*, 449 U.S. 250, 256-57 (1980) (internal citations omitted); *see Mohasco Corp. v. Silver*, 447 U.S. 807, 826 (1980) ("strict adherence to the procedural requirements specified by the legislature is the best guarantee of evenhanded administration of the law"). The only employment decision identified in the August 2018 Charge that involved Plaintiff was his termination, which occurred more than *one year* before he filed the second charge. Thus, the second charge was untimely on its face.

Next, Plaintiff cannot make his August 2018 Charge timely by simply checking the "continuing action" box or adding allegations regarding an alleged comparator as the doctrine of continuing action does not aid Plaintiff here. The doctrine, which is typically involved in workplace sexual harassment cases, is a limited one, allowing a plaintiff to delay charges "until a serious of acts by a prospective defendant blossom into a wrongful injury on which a suit can be based." *Arthur L. Lewis, Jr., et al., v. City of Chicago*, 528 F.3d 488, 490 (7th Cir. 2008). In contrast, Plaintiff's allegations do not support a "continuing action" violation as Carrier did not -- and could not -- continue to "wrongfully injure" Plaintiff following his termination ***as he was***

8

*no longer employed by Carrier.* Indeed, by Plaintiff's own admission, his claim is based on the single act of the termination of his employment: "[Plaintiff] believes that he has been subjected to an adverse employment action (*Discharge*) by [Carrier Corporation] because of his gender in violation of Title VII of the Civil Rights Act of 1964, as amended…" (Exs. A, C.) Termination of employment is a quintessential discrete employment decision and it does not support a continuing violation theory. *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 114, 122 (2002) (recognizing termination as a discrete act); *see also Spears v. Delphi Auto. Sys. Corp.*, No. IP 00-1653-D-T/K, 2002 WL 1880756, at *15 (S.D. Ind. Aug. 15, 2002) (same). Simply stating there was a "continuing action" does not make it so. Because Plaintiff's termination was a discrete act, and the 300-day period ran from the date of his termination, Plaintiff's claim is untimely and cannot be saved by the continuing action doctrine.

Finally, Plaintiff's reference to an alleged female comparator also does not establish a "continuing action" violation or support filing a new charge, even if the decision regarding her employment was made after his termination. Comparator evidence is evidence to support a claim of discrimination against the plaintiff; it does not constitute a "new" violation against the plaintiff to permit filing of a new charge. Otherwise, plaintiffs would file new charges every time they learned something new regarding an alleged comparator during discovery, resulting in a procedural nightmare for agencies, courts, and parties. This is clearly not what Title VII envisions or permits.

Courts within this jurisdiction, as well as sister courts, have dismissed complaints based similar facts. *See e.g. Ervin v. Purdue University Calumet*, 2:09-CV-136-PRC, 2010 WL 3021521, *3-4 (N.D. Ind, July 38, 2010); *see also Vitello v. Liturgy Training Publ'ns*, 932 F.Supp. 1093, 1099 (N.D. Ill. 1996) (dismissing complaint as untimely); *Soso Liang Lo v. Pan*

9

*Am. World Airways, Inc.*, 787 F.2d 827, 828 (2d Cir. 1986) (same); *Buckman v. Metro. Edison Co.*, No. CIV.A. 04-CV-00489, 2004 WL 2203731, at \*3 (E.D. Pa. Sept. 29, 2004) (same).  For example, in *Giovanni v. Megabus USA, LLC*, the court noted that plaintiff's complaint would only be timely if calculated from when plaintiff had received her right to sue from the second EEOC Charge.  No. 14 C 3195, 2015 WL 6449133, at \*3 (N.D. Ill. Oct. 23, 2015).  However, because the plaintiff had filed multiple EEOC charges, the court held that plaintiff was required to demonstrate that her second EEOC charge is not a mere re-allegation of her first EEOC charge, i.e., not reasonably related or similar enough to be within the scope of the first charge." *Id.* citing *Blalock v. Bethesda Lutheran Homes & Servs.*, No. 01 C 9188, 2002 WL 31833693, at \*3 (N.D. Ill. Dec. 16, 2002); .  The Court reasoned this requirement was necessary "because, [t]o allow a plaintiff to re-allege an earlier EEOC charge in a subsequent EEOC charge would render the 90–day time limit for filing lawsuits 'meaningless,' because it would allow the plaintiff to 'evade the filing requirement simply by seeking additional Notices of Right to Sue whenever he pleased." *Id.* at \*3 (internal quotations and citations omitted); *see also Secrease v. Western & Southern Life Ins. Co.,* No. 114CV00955JMSTAB, 2014 WL 12768454, at \*5 (S.D. Ind. Dec. 3, 2014) (plaintiff failed to demonstrate that his second charge was not a mere re-allegation of his first charge, thus, his complaint was dismissed as untimely because "a plaintiff cannot revive a lapses claims and restart the process simply by including the lapsed claim in a second EEOC charge") (citations omitted).

      Here, Plaintiff's second EEOC charge clearly is not a separate and distinct event -- both relate to the termination of his employment.  "Courts look at the discriminatory acts alleged, not the theory of discrimination, to determine whether a plaintiff is bringing a second, similar charge."  *Giovanni* at \*3 (identifying several cases with similar findings).  Here, looking at

Plaintiff's two charges, the discriminatory event that Plaintiff complains of, the termination of his employment, is clearly the same act. Any different theories of discrimination or additional comparator evidence that Plaintiff now claims to have to support his claim is irrelevant. Because Plaintiff did not file within the 90 days from when his first Notice of Rights was issued, this Court cannot adjudicate his claim. *Ervin* at *4 citing *Blalock v. Bethesda Lutheran Homes and Services, Inc.*, No. 01 C 9188, 2002 WL 31833693, at *3 (N.D. Ill. Dec.16, 2002) (once the 90–day period expires, a court is precluded from adjudicating any allegations that were contained in a previous charge). For these same reasons, Plaintiff's claim is time-barred and will not survive a motion to dismiss.

## II.  PLAINTIFF UNDULY DELAYED IN PURSING HIS CLAIM OF DISCRIMINATION. THUS, THIS COURT SHOULD DENY HIS MOTION FOR LEAVE TO AMEND.

Plaintiff has unduly delayed in bringing his Title VII gender discrimination and he offers no justification for his significant delay in doing so. Plaintiff possessed relevant information that would have enabled him to bring a lawsuit for Title VII gender discrimination within the 90 days (or by November of 2017) of receiving his first Notice of Rights letter, but he did not. Instead, Plaintiff waited until June of 2018 to file a lawsuit and, even then, he still did not raise a claim for gender discrimination claim. This undue delay coupled with Plaintiff's failure to act with diligence is additional grounds to deny his proposed amended complaint. *Johnson v. Cypress Hill*, 641 F.3d 867, 872 (7th Cir. 2011) (*citing Foman v. Davis*, 371 U.S. at 182) (denying motion to amend noting there was no reason for plaintiff to have waited over a year to seek permission to add additional claims that could have been raised earlier); *U.S. Labor Party v. Oremus*, 619 F.2d 683, 692 (7th Cir. 1980) (affirming the denial of a motion to amend because there was "no explanation for the delay in not raising the new issue prior to" the court's

disposition of the case).  For this additional reason, this Court should deny Plaintiff's Motion to Amend.

Further, some courts have found the failure to justify a delay as evidence of a dilatory motive or bad faith, which serves as a further basis to deny a motion to amend.  *See e.g. Williams v. Savage*, 569 F. Supp. 2d 99, 107–08 (D.D.C. 2008) (citing *Oremus* at 692 and *Foman*, 371 U.S. at 182) (finding dilatory motive or bad faith to warrant denying motion to amend where plaintiff possessed facts to pursue racial discrimination claim, but did not with no justification for the delay).  Plaintiff believed he was a victim of gender discrimination at least as early as April 2017 when he filed his first charge of discrimination.  And, once the EEOC issued the first Notice of Rights, Plaintiff had an opportunity to pursue a gender discrimination lawsuit back in 2017, but chose not do so.  Instead, Plaintiff now tries to circumvent his failure to do so by filing a second charge of discrimination, based on the exact same termination event (and even the same theory, *i.e.* gender discrimination ), by calling it a "continuing action."  Plaintiff should not be permitted to flout the statutes and rules that provide for a timely and orderly disposition of cases and pursue a claim that is grossly time-barred.  This is precisely the scenario the Supreme Court in *Foman* envisioned that would warrant denying a party leave to amend.  The Court should therefore deny Plaintiff's Motion to Amend.[4]

## CONCLUSION

Plaintiff's proposed amended complaint is futile as it will not survive a motion to dismiss.  Additionally, the proposed amended complaint was filed with undue delay and the untimeliness of it, without any justification, evidences bad faith and dilatory motive.  For these

---

[4] Defendants do not object to Plaintiff's request to add John and Jane Does to his claims of slander per se and false light/invasion of privacy.

reasons, Defendants respectfully request that Plaintiff's Motion to Amend should be denied and this Court award Defendants any further relief it deems necessary and just.

DATED:  October 29, 2018	Respectfully submitted,

CARRIER CORPORATION, TJ BRAY, TIMOTHY LEATH, AMY MARTINEZ AND MICHAEL STEVENS

By: *s/ Misty R Martin*
  Uma Chandrasekaran
  uchandrasekaran@seyfarth.com
  Misty R. Martin
  mrmartin@seyfarth.com
  SEYFARTH SHAW LLP
  233 South Wacker Drive
  Suite 8000
  Chicago, Illinois  60606-6448
  Telephone:  (312) 460-5000
  Facsimile:  (312) 460-7000

ATTORNEYS FOR DEFENDANTS
CARRIER CORPORATION, TJ BRAY, TIMOTHY LEATH, AMY MARTINEZ AND MICHAEL STEVENS

## EXHIBIT LIST

**Exhibit A**    EEOC Charge of Discrimination, Charge No.: 470-2017-01769.

**Exhibit B**    Dismissal and Notice of Rights, Charge No.: 470-2017-01769.

**Exhibit C**    EEOC Charge of Discrimination, Charge No.: 470-2018-03799.

**Exhibit D**    Dismissal and Notice of Rights, Charge No.: 470-2018-03799.

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| CHRISTOPHER KAPS,<br><br>        Plaintiff,<br><br>    v.<br><br>TJ BRAY, AMY MARTINEZ, TIM LEATH, MIKE STEVENS and CARRIER CORPORATION,<br><br>        Defendants. | Case No. 1:18-cv-01832-JRS-MPB |

## **CERTIFICATE OF SERVICE**

I hereby certify that on October 29, 2018, I electronically filed the foregoing DEFENDANTS CARRIER CORPORATION, TJ BRAY, AMY MARTINEZ, TIMOTHY LEATH AND MICHAEL STEVENS' RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO AMEND with the Clerk of Court using the CM/ECF system, which will automatically send electronic notification of such filing to the following attorney of record:

>John Robert Panico
>PANICO LAW LLC
>9465 Counselors Row, Suite 200
>Indianapolis, IN 46240
>jpanico@discriminationlawgroup.com

>*s/ Misty R. Martin*
>Counsel for Defendants