UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| CHRISTOPHER KAPS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | No. 1:18-cv-01832-JRS-MPB |
| ) | |
| TJ BRAY, AMY MARTINEZ TIM LEATH, ) | |
| MIKE STEVENS, and CARRRIER ) | |
| CORPORATION, and DOES ONE ) | |
| THROUGH FIVE ) | |
| | |
| Defendants. | |

**ORDER ON PLAINTIFF'S MOTION TO AMEND COMPLAINT**
**(Docket No. 22)**

This matter is before the Court on Plaintiff's Motion to Amend Complaint pursuant to Federal Rule of Civil Procedure 15 (Docket No. 22). Defendants TJ Bray, Amy Martinez, Tim Leath, Mike Stevens, and Carrier Corporation filed a response in opposition. (Docket No. 23), and the deadline for reply passed without submission. For the reasons that follow, Plaintiff's Motion for Leave to Amend his Amended Complaint is **DENIED**.

On March 14, 2017, Carrier Corporation terminated Plaintiff. (Docket No. 1 at ECF p. 3). Plaintiff filed a Charge of Discrimination ("First Charge") with the Equal Employment Opportunity Commission ("EEOC") on April 21, 2017 alleging gender discrimination, and stating that the reason given for the termination was a pretext (the true reason being "gender stereotyping"). (Docket No. 23-1 at ECF p. 2). The EEOC's Dismissal of the Charge and Notice of Rights ("Notice of Rights") was mailed on August 21, 2017. (Docket No. 23-2 at ECF p. 2). This matter was filed by Plaintiff on June 15, 2018 (Docket No. 1 at ECF p. 4), 293 days after Plaintiff received the Notice of Rights. The original Complaint alleged claims of Slander per se

and Invasion of Privacy Rights/False Light. (Docket No. 1). On July 13, 2018, Plaintiff was ordered to file an amended complaint to cure diversity jurisdiction deficiencies. (Docket No. 9). The Amended Complaint was filed on July 19, 2018. (Docket No. 10).

On August 7, 2018 Plaintiff filed a second Charge of Discrimination ("Second Charge") with the EEOC, again alleging gender discrimination, but noting this was a "continuing action." (Docket No. 23-3 at ECF p. 2). The Second Charge stated that Plaintiff had learned that the employee complaining about him in his termination had recanted her story, but was not terminated. Consequently, Plaintiff believed he had been "subjected to an adverse employment action . . . because of his gender." (Docket No. 23-3 at ECF p. 3). The EEOC mailed the corresponding Notice of Rights on September 11, 2018 and Plaintiff received it on September 16, 2018. (Docket No. 23-4 at ECF p. 2)

On October 16, 2018 Plaintiff filed this motion, seeking to add a Title VII Civil Rights Act gender discrimination claim and additional John/Jane Doe defendants One through Five. (Docket No. 22). Plaintiff seeks to add the gender discrimination claim based upon the belief that the reasons given for his discharge were not the true reasons, but were instead a mere "pretext to hide the Defendant's discriminatory animus." (Docket No. 22 at ECF p. 6). The Defendants argue that the proposed amendment is futile, and that the Plaintiff acted with undue delay, without justification, and in bad faith in his attempt to amend. (Docket No. 23 at ECF p. 2).

Plaintiff is seeking to modify the Amended Complaint more than twenty-one days after its filing, and thus the amendment can only be granted with leave of court. Fed. R. Civ. P. Rule 15(a)(2). Unless there is undue delay, bad faith, or dilatory motive; repeated failure to cure deficiencies by previous amendments; or futility of the amendment; etc., leave to amend should be freely given. *Barry Aviation Inc. v. Land O'Lakes Mun. Airport Comm'n*, 377 F.3d 682, 687

2

(7th Cir.) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)). However, "[d]istrict courts may deny leave to amend when such amendment would be futile . . . ." *Loja v. Main Street Acquisition Corp.*, 906 F.3d 680, 684–85 (7th Cir. 2018) (citing *Gonzalez-Koeneke v. West*, 791 F.3d 801, 807 (7th Cir. 2015)). An amendment is futile when it would not survive a motion to dismiss. *McCoy v. Iberdrola Renewables, Inc.*, 760 F.3d 674, 685 (7th Cir. 2015) (citing *Gandhi v. Sitara Capital Mgmt., LLC*, 721 F.3d 865, 869 (7th Cir.2013)). For a Title VII discrimination claim to survive dismissal, it must have been filed within ninety days of receiving the EEOC's Notice of Rights.[1] *See Grayson v. O'Neill*, 308 F.3d 808, 817 (7th Cir. 2017).

Plaintiff's claim was not filed within the ninety-day deadline. As previously noted, Plaintiff filed the original Complaint 293 days after receiving his first Notice of Rights. Thus, the Title VII discrimination claim is futile as it would fail to survive dismissal having surpassed the ninety-day deadline. *See id.* (trial judge's dismissal of retaliation claim was proper where the 90-day statute of limitations from the date the claimant or attorney representing him had received the right-to-sue letter had run).

In addition, the fact that Plaintiff filed a second EEOC charge and received a second right-to-sue letter is insignificant. While Plaintiff's motion to amend the Amended Complaint to add the gender discrimination claim was made within the ninety-day deadline following the receipt of the Notice of Rights (twenty-five days later), the allegations in the Second Charge are identical to those made in the First Charge. Plaintiff was asserting that he was "subjected to an adverse employment action (Discharge) by Respondent because of his gender" in both Charges. (Docket No. 23-1 at ECF p. 2); (Docket No. 23-3 at ECF p. 2). "[I]f the claimant fails to file suit

---

[1] *Loyd v. Sullivan*, 882 F.2d 1989 218, 218 (7th Cir. 1989) (stating that unless otherwise proven, the receipt date is presumed to be five days from the mailing date).

within the ninety-day window, the lapsed claims are not revived by including them in a second EEOC charge and restarting the process." *King v. Ford Motor Co.*, 872 F.3d 833, 839 (7th Cir. 2017). Therefore, Plaintiff's lapsed Title VII discrimination claim was not revived by filing the Second Charge and receiving the second Notice of Rights. Thus, an additional ninety-day deadline to make a gender discrimination claim is inappropriate and the proposed, amended complaint is still futile.

Plaintiff marked the "continuing action" box on his Second Charge. The notation, however, does not allow Plaintiff to revive the otherwise lapsed claim. Generally, a plaintiff must file an EEOC claim within 300 days of the occurrence of actions forming the basis of the Charge of Discrimination. *Van Jelgerhuis v. Mercury Fin. Co.*, 940 F. Supp. 1344, 1355 (S.D. Ind. 1996). The continuing action theory allows plaintiffs to link time-barred acts with acts that occurred within the limitation period, and thereby be eligible for relief on those otherwise barred acts. *Id.* Because Plaintiff is not seeking to add actions that took place prior to 300 days, that doctrine is not applicable here.

In sum, the Court finds the proposed amendment to the Amended Complaint would be futile, as Plaintiff failed to file the amended complaint within ninety days of receiving his Notice of Rights. The claim cannot be revived by the filing of a second Charge, and, therefore, the Court **DENIES** Plaintiff's Motion to Amend Complaint.

**SO ORDERED.**

**Dated:**

_____
Matthew P. Brookman
United States Magistrate Judge
Southern District of Indiana

Service made electronically to all ECF-registered counsel of record.